EXHIBIT C

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE:

**Bobby Lorenzo Scott**
**1040 Carolbean Way**
**Columbia, SC 29229**


**Shakita Monica Scott**
**1040 Carolbean Way**
**Columbia, SC 29229**

*aka* **Shakita Monica Joseph**


**DEBTOR(S)**

Last four digits of Social-Security:  xx 2377 xx 5247

CASE NO:  18-01655-jw

CHAPTER 13


MOTION TO MODIFY PLAN AFTER CONFIRMATION
AND OPPORTUNITY FOR HEARING

       The Court has confirmed a chapter 13 plan in this case. The debtor(s) moves, pursuant to 11 U.S.C. § 1329(a), and Fed. R. Bankr. P. 3015(h), to modify the confirmed plan. A copy of the plan with these modifications included is attached.

       TAKE NOTICE that any response, return, and/or objection to this motion should be filed with the Court no later than 21 days after the service of the modified chapter 13 plan, as computed under Fed. R. Bankr. P. 9006(a), on the chapter 13 trustee, the debtor(s), and any attorney for the debtor(s).

       TAKE FURTHER NOTICE that no hearing will be held on this motion, except at the direction of the judge, unless a response, return, and/or objection is timely filed and served, in which case the Court will conduct a hearing on **November 20, 2018 at 9:00 am**., at 1100 Laurel Street Columbia, South Carolina 29201. No further notice of this hearing will be given.

Date:  October 18, 2018

/s/ Jason T. Moss
Jason T. Moss
Moss & Associates, Attorneys, P.A.
Attorney for Movant/Movant
D.C. ID# 7240
816 Elmwood Avenue
Columbia, S.C.  29201
(803) 933-0202

Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **Bobby Lorenzo Scott** | ☐ Check if this is a modified plan, and list below the sections of the plan that have been changed. |
| | First Name    Middle Name         Last Name | |
| Debtor 2 | **Shakita Monica Scott** | |
| (Spouse, if filing) | First Name    Middle Name         Last Name | |
| United States Bankruptcy Court for the: | **DISTRICT OF SOUTH CAROLINA** | ☐ Pre-confirmation modification |
| | | ☑ Post-confirmation modification |
| Case number: | **18-01655** | |
| (If known) | | 2.1; 3.1;8.1 |

## District of South Carolina
## Chapter 13 Plan                                                        12/17

---

**Part 1:   Notices**

**To Debtor(s):**   **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies*

**To Creditors:**   **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.  Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan.  Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| | | | |
|---|---|---|---|
| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ☐ Included | ☑ Not Included |
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4.** | ☑ Included | ☐ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ☑ Included | ☐ Not Included |
| 1.4 | **Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8** | ☐ Included | ☑ Not Included |

**Part 2:   Plan Payments and Length of Plan**

**2.1**     The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

<u>$359.00</u> per **Month** for **6** months
<u>$844.00</u>  per **Month** for **54** months

*Insert additional lines if needed.*

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan.  The stipulation is effective upon filing with the Court.

| Debtor | **Bobby Lorenzo Scott** | Case number | **18-01655** |
| | **Shakita Monica Scott** | | |

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2      Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply:*

☑     The debtor will make payments pursuant to a payroll deduction order.
☐     The debtor will make payments directly to the trustee.
☐     Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*

☑     Debtor will retain any income tax refunds received during the plan term.

☐     Debtor will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*

☑     **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

| Part 3: | **Treatment of Secured Claims** |

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution.   Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4).  Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan.  Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay.  Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1      Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply.  Only relevant sections need to be reproduced.*

☐     None. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.
☐     **3.1(a)**  The debtor is not in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules.  These payments will be disbursed directly by the debtor.

| **Name of Creditor** | | **Collateral** | |

*Insert additional claims as needed.*

☑     **3.1(b)** The debtor is in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules.  The arrearage payments will be disbursed by the trustee, with interest, if any, at the rate stated.  The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court.

| **Name of Creditor** | **Collateral** | **Estimated amount of arrearage** | **Interest rate on arrearage** (if applicable) | **Monthly payment on arrearage** |
|---|---|---|---|---|
| **BROOKHAVEN COMMUNITY ASSOCIATION** | **DEBTORS RESIDENCE-1040 CORAL BEAN WAY, COLUMBIA SC 29229** | **$235.00** | **0.00%** | **$5.00** |

District of South Carolina

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                          Best Case Bankruptcy

| Debtor | **Bobby Lorenzo Scott**<br>**Shakita Monica Scott** | Case number | **18-01655** |
|---|---|---|---|

| Name of Creditor | Collateral | Estimated amount of arrearage | Interest rate on arrearage (if applicable) | Monthly payment on arrearage |
|---|---|---|---|---|
| | | Includes amounts accrued through the **April 2018** | | (or more) |

| Name of Creditor | Collateral | Estimated amount of arrearage | Interest rate on arrearage (if applicable) | Monthly payment on arrearage |
|---|---|---|---|---|
| **SETERUS** | **DEBTORS RESIDENCE-1040 CORAL BEAN WAY, COLUMBIA SC 29229** | $18,842.47<br><br>Includes amounts accrued through the **APRIL 2018** | 0.00% | $349.00<br><br>(or more) |

*Insert additional claims as needed.*

☐ **3.1(c)** The debtor elects to make post-petition mortgage payments to the trustee for payment through the Chapter 13 Plan in accordance with the Operating Order of the Judge assigned to this case and as provided in Section 8.1. In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

☐ **3.1(d)** The debtor proposes to engage in loss mitigation efforts with ___ according to the applicable guidelines or procedures of the Judge assigned to this case. Refer to section 8.1 for any nonstandard provisions, if applicable.

☑ **3.1(e) Other.** A secured claim is treated as set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

*Insert additional claims as needed*

**3.2** **Request for valuation of security and modification of undersecured claims.** *Check one.*

☑ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3** **Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**

*Check one.*
☐ **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.
☑ The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

| Name of Creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| **KIA MOTOR FINANCE** | **2012 KIA OPTIMA** | $1,800.00 | 6.00% | $35.00<br>(or more) |

Disbursed by:
☑ Trustee
☐ Debtor

*Insert additional claims as needed.*

District of South Carolina

Effective December 1, 2017                    Chapter 13 Plan                    Page 3

| Debtor | **Bobby Lorenzo Scott** | Case number | **18-01655** |
|---|---|---|---|
|  | **Shakita Monica Scott** |  |  |

**3.4**      **Lien avoidance**.

*Check one.*

☐    **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.
       **The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked**

☑    The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the Court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5.1 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. *See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.*

*   Choose the appropriate form for lien avoidance*

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of Lien avoided |
|---|---|---|---|---|---|---|
| **LVNV FUNDING**<br><br>**DEBTORS RESIDENCE-1040 CORAL BEAN WAY, COLUMBIA SC 29229** | **$5,081.57** | **$121,134.82** | **S.C. Code Ann. § 15-41-30(A)(1)(a)** | **$115,000.00** | **$0.00** | **100%** |
| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of Lien avoided |
| **SECURITY FINANCE (2377)**<br><br>**HOUSEHOLD GOODS** | **$700.00** | **$0.00** | **S.C. Code Ann. § 15-41-30(A)(3)** | **$1,750.00** | **$0.00** | **100%** |
| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of Lien avoided |
| **SECURITY FINANCE (5247)**<br><br>**HOUSEHOLD GOODS** | **$193.00** | **$700.00** | **S.C. Code Ann. § 15-41-30(A)(3)** | **$1,750.00** | **$0.00** | **100%** |

District of South Carolina

Effective December 1, 2017              Chapter 13 Plan               Page 4

| Debtor | **Bobby Lorenzo Scott** | Case number | **18-01655** |
| | **Shakita Monica Scott** | | |

*Use this for avoidance of liens on co-owned property only.*

| Name of creditor | Total equity (value of debtor's property less senior/unavoidable liens) | Debtor's equity (Total equity multiplied by debtor's proportional interest in property) | Applicable Exemption and Code Section | Non-exempt equity (Debtor's equity less exemption) | Estimated lien | Amount of lien not avoided(to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|---|
| **-NONE-** | | | | | | | |

*Insert additional claims as needed.*

**3.5**    **Surrender of collateral.**

*Check one.*

☑    **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

**Part 4:**    **Treatment of Fees and Priority Claims**

**4.1**    **General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2**    **Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3**    **Attorney's fees.**

a.    The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

b.    If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $ or less.

**4.4**    **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐    The debtor is unaware of any priority claims at this time. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

☐    Domestic Support Claims. 11 U.S.C. § 507(a)(1):

a.    Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. Add additional creditors as needed.

b.    The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

| Debtor | **Bobby Lorenzo Scott** | Case number | **18-01655** |
|---|---|---|---|
| | **Shakita Monica Scott** | | |

c.   Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

☑ **Other Priority debt.** The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a pro rata basis. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

**4.5     Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☑   **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

**Part 5:     Treatment of Nonpriority Unsecured Claims**

**5.1     Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

☑   The debtor estimates payments of less than 100% of claims.
☐   The debtor proposes payment of 100% of claims.
☐   The debtor proposes payment of 100% of claims plus interest at the rate of %.

**5.2     Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑   **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3     Other separately classified nonpriority unsecured claims.** *Check one*.

☑   **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

**Part 6:     Executory Contracts and Unexpired Leases**

**6.1     The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☑   **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

**Part 7:     Vesting of Property of the Estate**

**7.1     Property of the estate will vest in the debtor as stated below:**
*Check the appliable box:*

☑   Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

☐   **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

**Part 8:     Nonstandard Plan Provisions**

District of South Carolina

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                          Best Case Bankruptcy

| Debtor | **Bobby Lorenzo Scott** | Case number | **18-01655** |
|---|---|---|---|
| | **Shakita Monica Scott** | | |

**8.1    Check "None" or List Nonstandard Plan Provisions**

☐        **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.***

**NOTICE: The confirmation of this plan may determine the character (secured, unsecured or priority), amount and timing of distribution of creditor's claim regardless of proof of claim filed.  If a creditor objects to a claim's treatment under the plan, the creditor must timely object to confirmation.**

**Statement in Support of Confirmation:  Debtor understands the following: (1) The obligations set forth in the plan, including the amount, method and timing of payments made to the Trustee or directly to creditors; (2) The consequences of any default under the Plan; and (3) That debtor(s) may not agree to sell or sell property, employ professionals, incur debt (including modification of debt), or request or agree to mortgage modification or other loss mitigation during the pendency of the case without the advance authorization of the Bankruptcy Court.**

**8.1(a) Reservation of Rights: Confirmation of this plan does not bar a party in interest from any actions discovered from the documentation, or lack thereof, in a proof of claim.  The debtor specifically reserves any currently undiscovered or future claims, rights or cause of action the debtor may have, regarding any issues not specifically addressed or determined by the plan, against any creditor or other party in interest including, but not limited to, violations of applicable consumer protections codes and actions under 11 U.S.C. §§ 542, 543, 544, 547 and 548.**

**3.1(b) - BROOKHAVEN COMMUNITY ASSOCIATION - DEBTORS RESIDENCE-1040 CORAL BEAN WAY, COLUMBIA SC 29229 - ARREARAGE ON HOMEOWNERS ASSOCIATION DUES TO BE PAID IN PLAN, DEBTOR TO RESUME REGULAR HOA FEES MAY 2018 OR WHEN NEXT DUE.**

**3.1(e) - SETERUS- DEBTORS RESIDENCE: 1040 CORAL BEAN WAY COLUMBIA, SC 29229 LOAN MODIFICATION DENIED, DEBTOR TO INCLUDE POST PETITION ARREARS MAY, 2018 THROUGH OCTOBER, 2018: <u>DEBTOR TO RESUME REGULAR MORTGAGE PAYMENT NOVEMBER, 2018</u>**

**8.1(b) Cure of post-petition mortgage delinquency.**

The debtor's post-petition mortgage arrearage will be paid in full through disbursements by the trustee.

| Name of Creditor | Description of Collateral (note if principal residence; include county tax map number and complete street address) | Estimated amount of post-petition arrearage | Months being paid as post-petition arrearage | Monthly plan payment on post-petition arrearage | |
|---|---|---|---|---|---|
| SETERUS | DEBTOR'S RESIDENCE: 1040 CORAL BEAN WAY COLUMBIA, SC 29229 | $4,458.66 | May, 2018 June, 2018 July, 2018 August, 2018 September 2018 October 2018 | $83.00 | |
| | | | | | |

| Part 9: | **Signatures:** |
|---|---|

District of South Carolina

| Debtor | **Bobby Lorenzo Scott** | Case number | **18-01655** |
| | **Shakita Monica Scott** | | |

**9.1**   **Signatures of debtor and debtor attorney**

*The debtor and the attorney for the debtor, if any, must sign below.*

X   **/s/ Bobby Lorenzo Scott**                     X   **/s/ Shakita Monica Scott**
    **Bobby Lorenzo Scott**                              **Shakita Monica Scott**
    Signature of Debtor 1                              Signature of Debtor 2

    Executed on      **OCTOBER 18, 2018**          Executed on      **OCTOBER 18, 2018**

X   **/s/ JASON T. MOSS**                          Date   **OCTOBER 18, 2018**
    **JASON T. MOSS 7240**
    Signature of Attorney for Debtor(s)  DCID#

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

District of South Carolina

Effective December 1, 2017                     Chapter 13 Plan                     Page 8

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                     Best Case Bankruptcy

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

In Re:                                    )
                                          )        **CASE NO.: 18-01655-jw**
**Bobby Lorenzo Scott**                   )        **CHAPTER: 13**
**Shakita Monica Scott**                  )
                                          )
                                          )
                                          )
                      Debtor              )
_____ )

### CERTIFICATE OF SERVICE

THE UNDERSIGNED HEREBY CERTIFIES THAT ON THE DATE OF **October 18, 2018** HE/SHE PROPERLY SERVED THE *MODIFED PLAN AND THE MOTION TO MODIFY* FILED October 18, 2018 TO THE FOLLOWING CREDITORS.

William K. Stephenson, Jr. - ECF
Chapter 13 Trustee

SEE ATTACHED MATRIX

Date: October 18, 2018                     /s/ Chi Anne S. Walling
                                           Bankruptcy Paralegal
                                           Moss & Associates Attorneys PA
                                           816 Elmwood Avenue
                                           Columbia SC 29201
                                           (803) 933-0202

Label Matrix for local noticing
0420-3
Case 18-01655-jw
District of South Carolina
Columbia
Wed Oct 17 11:07:10 EDT 2018

AP LABORATORIES
PO BOX 2697
Statesboro GA 30459-2697

ASSOCIATES IN GASTROENTEROLOGY
1070 WILDWOOD CENTER DRIVE
Columbia SC 29229-8420

ATTORNEY GENERAL OF UNITED STATES
950 PENNSYLVANIA AVE, NW
Washington DC 20530-0001

BERKELEY ENDOSCOPY CENTER
1072 WILDWOOD CENTER
Columbia SC 29229-8420

BROOKHAVEN COMMUNITY ASSOCIATION
4910 TRENHOLM ROAD
SUITE C
Columbia SC 29206-4717

CAPITAL ONE
PO BOX 71083
Charlotte NC 28272-1083

FIRST FINANCIAL ASSET
3091 GOVERNERS LAKE DRIVE
SUITE 500
Norcross GA 30071-1135

Federal National Mortgage Association
(Fannie Mae) c/o Seterus, Inc.
PO Box 1047
Hartford, CT 06143-1047

Hyundai Capital America DBA
Kia Motors Finance
PO Box 20825
Fountain Valley, CA 92728-0825

IRS
PO BOX 7346
Philadelphia PA 19101-7346

Louise M. Johnson
Scott & Corley, P.A.
P.O. Box 2065
Columbia, SC 29202-2065

KIA MOTOR FINANCE
PO BOX 20825
Fountain Valley CA 92728-0825

LVNV FUNDING
1900 BARNWELL STREET
Columbia SC 29201-2604

LVNV Funding LLC C/O Resurgent Capital Servi
PO BOX 10675
Greenville, SC 29603-0675

Midland Funding LLC
PO Box 2011
Warren, MI 48090-2011

Jason T. Moss
Moss & Associates, Attorneys, P.A.
816 Elmwood Avenue
Columbia, SC 29201-2027

PALMETTO CITIZENS FEDERAL CREDIT UNION
PO BOX 5846
Columbia SC 29250-5846

PMAB
PO BOX 12150
Charlotte NC 28220-2150

Pinnacle Credit Services, LLC its successors
assigns as assignee of Cellco
Partnership d/b/a Verizon Wireless
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

RECEIVABLE MANAGEMENT
PO BOX 50685
Columbia SC 29250-0685

RICHLAND COUNTY CLERK OF COURT
1701 MAIN STREET, #205
Columbia SC 29201-2819

RICHLAND COUNTY MASTER IN EQUITY
THE HONORABLE JUDGE JOSEPH M STRICKLAND
1701 MAIN STREET, ROOM 212
Columbia SC 29201-2819

RICHLAND COUNTY TREASURER
PO BOX 11947
Columbia SC 29211-1947

SANDLAPPER ELEMENTARY SCHOOL
1001 LONGTOWN ROAD
Columbia SC 29229-9482

SC DEPT OF REVENUE
PO BOX 12265
Columbia SC 29211-2265

SC HEART CENTER
500 VIRGINIA DRIVE, STE 514
Fort Washington PA 19034-2707

SCOTT AND CORLEY, PA
PO BOX 2065
Columbia SC 29202-2065

(p)SECURITY FINANCE CENTRAL BANKRUPTCY
P O BOX 1893
SPARTANBURG SC 29304-1893

SETERUS
PO BOX 1077
Hartford CT 06143-1077

SFC-Central Bankruptcy
P.O. Box 1893
Spartanburg, S.C. 29304-1893

Santander Consumer USA Inc
PO Box 560284
Dallas, TX 75356-0284

Bobby Lorenzo Scott
1040 Carolbean Way
Columbia, SC 29229-8087

Shakita Monica Scott
1040 Carolbean Way
Columbia, SC 29229-8087

William K. Stephenson Jr.
PO Box 8477
Columbia, SC 29202-8477

US Trustee's Office
Strom Thurmond Federal Building
1835 Assembly Street
Suite 953
Columbia, SC 29201-2448

U.S. Department of Education
C/O FedLoan Servicing
P.O. Box 69184
Harrisburg PA 17106-9184

US ATTORNEY'S OFFICE
ATTN DOUG BARNETT
1441 MAIN ST STE 500
Columbia SC 29201-2862

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

SECURITY FINANCE
1111 TAYLOR ST
Columbia SC 29201

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Federal National Mortgage Association    (&q

End of Label Matrix
Mailable recipients    37
Bypassed recipients     1
Total                  38